# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DASHAUN WRIGHT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNNAMED RESPONDENT, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. <br> 17-10051-FDS |

## MEMORANDUM AND ORDER FOR DISMISSAL

SAYLOR, J.

    On January 9, 2017, petitioner Dashaun Wright, a prisoner in custody at Ely State Prison in Ely, Nevada, filed a *pro se* document on a standard form. Wright checked the box on the form indicating that it was a motion to reduce or correct sentence pursuant to Fed. R. Crim. P. 35. He challenges his conviction in the Suffolk County, Massachusetts, Trial Court for assault with intent to murder. He also appears to challenge his sentence, which was imposed on March 30, 2004. He raises claims of ineffective assistance of counsel and lack of due process.

    The petition refers to *Welch v. United States*, 136 S.Ct. 1257 (Apr. 18, 2016) and *Johnson v. United States*, 135 S. Ct. 2551, however, it does not set forth any facts or circumstances showing or suggesting how these cases apply to his challenges to his state sentence. It also refers to a prior habeas petition filed in the District of Nevada, but alleges that the matter was pending a transfer to this District. Apparently, Wright was unaware of the transfer of that habeas petition to this Court on December 12, 2016, pending before Chief Judge Saris. *See Wright v. United States*, Civil Action No. 16-12518-PBS.

    Along with the petition, Wright filed a motion to appoint counsel and a motion for leave to proceed *in forma pauperis*.

**I.     Discussion**

As an initial matter, it is unclear whether Wright intended to file a Rule 35 motion or a habeas petition pursuant to 28 U.S.C. § 2254.  As noted above, he checked off the box indicating his was a motion pursuant to Rule 35.  He did not check the box indicating the petition was one for habeas corpus relief.  Moreover, he did not identify a respondent in his submission.

In any event, Wright is not entitled to any relief in this matter.  First, Rule 35 of the Federal Rules of Criminal Procedure is not applicable, because Wright is challenging a state sentence and such a motion must be filed in an underlying federal criminal case rather than as a separate civil action in this court.  Moreover, Rule 35 does not provide for relief under the circumstances presented.  Rule 35 (a) provides for correction or reduction of sentence based on clear error "that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The rule provides that a court may correct a sentence within 14 days after sentencing.  *Id.*  Here, Wright does not allege a clear error, and it has been more than 14 days sentenced was imposed.  Rule 35(b) provides for reduction of sentence for substantial assistance.  *See* Fed. R. Crim. P. 35(b)(1)-(C); (3)-(4).  That provision is not applicable, because Wright's grounds for relief are not based on substantial assistance.

Next, to the extent that Wright is seeking relief habeas relief under § 2254, it appears that he currently has an opportunity to challenge his conviction and sentence in connection with the habeas case that was recently transferred to this court.  *See Wright v. United States*, Civil Action No. 16-12518-PBS.  His claims for relief in that action appear to duplicate or overlap the claims raised here (apart from the purported claim under *Johnson*).[1]

Finally, a review of Wright's prison account statement reveals that he has sufficient funds to pay the modest $5.00 filing fee for habeas petitions.

In light of the above, Wright may not proceed with this action either under Rule 35 or as

---

[1] Nothing in this memorandum and order prohibits Wright from seeking leave to amend his petition in his habeas case.

a § 2254 habeas petition, and it will be dismissed.

## II. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. Petitioner Motion for Leave to Proceed *in forma pauperis* is DENIED;

2. Petitioner's Motion for Appointment of Counsel is DENIED; and

3. This action is DISMISSED in its entirety without prejudice.

**So Ordered.**

Dated: January 27, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge